IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAUNDELLE DONTIA DIAL | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-148 |
| NURSE LAHAYE, ET AL. | § | |

INITIAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Shaundelle Dontia Dial, a federal prisoner previously confined in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Nurse Lahaye, Nurse Hays, Nurse May, Nurse Briggs, Physician Assistant Lyn, Health Services Administrator Edwards, SIS Cordea, and Warden Shults.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

The Federal Tort Claims Act provides a limited waiver of sovereign immunity. The statute allows the United States of America to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). Federal employees themselves have absolute immunity from personal liability for common law torts committed within the scope of their employment. 28 U.S.C. § 2679(b). The United States is the only proper defendant in an FTCA action. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). An FTCA claim against a government agency or employee must be dismissed for want of jurisdiction. *Id.* Because plaintiff has sued government employees instead of the United States, the FTCA claims must be dismissed. Plaintiff may proceed with his *Bivens* claims against the individual defendants.

## Recommendation

Plaintiff's claims under the FTCA should be dismissed pursuant to 28 U.S.C. § 1915(e).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 24th day of November, 2020.

_____
Zack Hawthorn
United States Magistrate Judge