IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAUNDELLE DONTIA DIAL | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-148 |
| NURSE LAHAYE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Shaundelle Dontia Dial, a federal prisoner previously confined in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Nurse Lahaye, Nurse Hays, Nurse May, Nurse Briggs, Physician Assistant Lyn, Health Services Administrator Edwards, SIS Cordea, and Warden Shults.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

On June 23, 2020, the United States Marshal was ordered to serve the defendants at the addresses provided by Plaintiff. The returns of service were returned unexecuted. On March 1, 2021, Plaintiff was ordered to provide the court with the full name of each Defendant and an address where each Defendant may be served. The plaintiff was given thirty days to comply with the order and was advised that failure to comply with the order might result in the dismissal of the defendants pursuant to Federal Rules of Civil Procedure 4 and 41(b). Plaintiff filed multiple documents, but did not provide the court with the necessary information to serve the defendants. On March 23,

2023, Plaintiff was again ordered to provide the court with the full names and addresses of each Defendant. As of this date, Plaintiff has not complied with the order.

## Analysis

*Failure to Prosecute Action*

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

By failing to respond to the court order, Plaintiff has failed to prosecute the claims against the defendants diligently. Accordingly, the action should be dismissed without prejudice for want of prosecution.

*Failure to Effect Service*

Pursuant to Federal Rule of Civil Procedure 4, Plaintiff is responsible for service of a summons and complaint within the time allowed by the rules. Because Plaintiff is proceeding *in forma pauperis*, the court will arrange for service of the complaint. However, Plaintiff is responsible for providing the information necessary to effect service.

It has been more than 90 days since the complaint was filed. Plaintiff has not provided the full names of Defendants or the addresses where they can be served. As a result, this case should be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The *pro se* status of Plaintiff does not excuse the failure to effect service. *Lindsey v. Unites States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996) (holding that simple inadvertence, and ignorance of the rules are generally insufficient to establish good cause); *Systems Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Furthermore, the dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990). Therefore, unless Plaintiff shows good cause for failing to effect service, the claims against Nurse Lahaye, Nurse Hays, Nurse May, Nurse Briggs, Physician Assistant Lyn, Health Services Administrator Edwards, SIS Cordea, and Warden Shults should be dismissed without prejudice.

## Recommendation

This action should be dismissed without prejudice unless Plaintiff shows good cause within 14 days for his failure to provide Defendants' full names and addresses for service.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge